IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LAWRENCE H. MORGAN            *
        Petitioner
      v.                                 *    CIVIL ACTION NO. AW-05-1590

STATE OF MARYLAND            *
        Respondent.
                                            ******

**MEMORANDUM**

        This habeas petition involves an attack on Petitioner's 1987 convictions in the Circuit Court for Prince George's County. There is no dispute that in June of 1987, Petitioner entered a guilty plea to first degree murder, robbery with a deadly weapon, and use of a handgun in the commission of a felony. Paper No. 7, Ex. 1. He was sentenced by Prince George's County Circuit Court Judge Joseph S. Casula on July 28, 1987. Petitioner did not file an application for leave to appeal to the Court of Special Appeals of Maryland.

        According to the certified docket presented to the Court, Petitioner filed a petition for post-conviction review on November 29, 1996. *Id*. The petition was withdrawn, without prejudice, on April 16, 1997. *Id*. Some six years later, on April 25, 2003, Petitioner filed a second petition for post-conviction relief in the Circuit Court for Prince George's County. *Id*. On December 1, 2003, Judge C. Philip Nichols granted Petitioner the right to file a motion for modification of sentence, but otherwise denied post-conviction relief. *Id*. Petitioner did not seek leave to appeal that decision. *Id*. On October 18, 2004, Petitioner filed a document treated by the circuit court as a motion to reopen post-conviction

proceedings. *Id*. The motion was denied. *Id*. According to Respondent, Petitioner's application for leave to appeal the denial of that motion remains pending in the Court of Special Appeals. *Id*.

The instant 28 U.S.C. § 2254 Petition is deemed to have been filed on May 23, 2005. Affording the pro se application a generous construction, Petitioner's claims include, but are not limited to, allegations that: trial counsel was ineffective; the evidence did not support a felony-murder conviction; his plea was not knowingly and voluntarily entered; and there was improper extra-judicial and in court identification. Paper Nos. 1 & 5.

Respondents were ordered to provide this court a limited show cause response as to the issue of timeliness. On July 28, 2005, Respondent filed an Answer, arguing that the Petition is time-barred. Paper No. 7. Petitioner was afforded the opportunity to file a reply, and has done so. Paper No. 9. In addition, he has filed a second Motion for Appointment of Counsel and a Motion for Certificate of Appealability. Paper. 10. For reasons to follow, Petitioner's Motions shall be denied and the Petition shall be denied and dismissed as untimely without oral hearing. *See* Local Rule 105.6 (D. Md. 2004).

Pursuant to 28 U.S.C. § 2244(d), when filing a federal habeas corpus petition pursuant to 28 U.S.C. § 2254, defendants convicted in state court on a non-capital offense are subject to a one-year statute of limitations.[1] Petitioner, whose convictions became final in 1987, had one year from the April 24,

---

[1] This section provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

2

1996 effective date of the Antiterrorism and Effective Death Penalty Act to file a § 2254 petition in this Court. *See Brown v. Angelone*, 150 F.3d 370, 374-75 (4th Cir. 1998) (one-year grace period for habeas corpus petitioner whose convictions became final prior to April 24, 1996); *see also Hernandez v. Caldwell*, 225 F.3d 435, 439 (4th Cir. 2000) (§ 2244(d) one-year limitation period expires on April 24, 1997, for convictions which became final prior to April 24, 1996).

Petitioner had until April 24, 1997, to file this § 2254 Petition. The case was not filed until May 23, 2005, over eight years after the expiration of the limitation period. Sections 2244(d)(1) & (2) do, however, provide for statutory tolling of the limitation period while appellate and post-conviction proceedings are pending. In Petitioner's case, the statutory period ran for 220 days (April 25, 1996 to November 28, 1996), and was tolled starting November 29, 1996, when he filed his first post-conviction petition. That state court petition remained pending until April 17, 1997. Therefore, the one-year limitation

---

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

period was briefly tolled for 139 days (November 29, 1996 to April 17, 1997). This statutory tolling period does not save this Petition from being untimely, however, because the remaining portion of the one-year limitation period was allowed to expire: there was no pending post-conviction petition for the six-year period from April 18, 1997, through April 24, 2003. Petitioner did not file his second post-conviction petition until April 25, 2003.

The one-year limitation period under § 2254 is, however, additionally subject to equitable tolling. *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000). Equitable tolling applies only in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id*. at 330.

Petitioner does not mount a viable equitable tolling argument. He seemingly argues that the one-year limitation period should not apply because:

> My post-conviction lawyer stated that he was confined in my case because my incompetent trial lawyer did not file an application for leave to appeal from my guilty plea. I never had an appeal and my post-conviction petition was withdrawn without my consent. Also, my post-conviction became final on April 28, 2005.

Paper No. 5 at 5, § 14.

The argument is without merit. Ignorance of the law is not an extraordinary circumstance warranting equitable tolling of the limitation period. *See Fisher* v. *Johnson*, 174 F.3d 710, 714 (5th Cir. 1999). Moreover, the fact that Petitioner is proceeding pro se does not provide cause for his late filing. *See Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (*pro se* status and unfamiliarity with legal process does not excuse untimely filing). Further, attorney negligence cannot lead to

equitable tolling.[2] *See Hutchinson*, 209 F. 3d at 330-31.  Petitioner cannot rely on his lawyer's alleged neglect to revive his § 2254 action.   For these reasons, a separate Order shall be entered dismissing this § 2254 action with prejudice.[3]

Date: August 24, 2005             /s/
                                                       Alexander Williams Jr.
                                                       United States District Judge

---

[2] Attorney errors are not grounds for equitable tolling of the limitations period applicable to § 2254 petitions because "many clients, whether in prison or not, must vigilantly oversee the actions of their attorneys and, if necessary, take matters into their own hands".  *Johnson v. McCaughtry*, 265 F.3d 559, 566 (7th Cir. 2001).

[3] On August 4, 2005, this Court denied Petitioner's first Motion for Appointment of Counsel, concluding that the interests of justice did not warrant providing him representation.  Paper No. 8.  The undersigned sees no reason to alter that prior decision.  Petitioner's second Motion for Appointment of Counsel shall be denied.  Further, to the extent that Petitioner seeks a pre-judgment certificate of appealability under 28 U.S.C. 2253, his request is premature as it was filed before a final order was entered.  The Motion for Certificate of Appealability shall be denied without prejudice.